UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                       Case No. 15-CR-117

YOLANDA PARKER,

    Defendant.

## RECOMMENDATION ON DEFENDANT'S MOTION FOR BILL OF PARTICULARS

On June 9, 2015, a grand jury sitting in the Eastern District of Wisconsin returned a sixty-six count indictment against twenty-two defendants. (Docket # 115.) Yolanda Parker is charged in Count 47 with knowingly and intentionally attempting to possess with intent to distribute a mixture and substance containing heroin contrary to 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), and 18 U.S.C. § 2. Parker is also charged in Count 60 with knowingly and intentionally using a communication facility to facilitate the commission of a drug trafficking crime in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. This case has been designated as complex and a jury trial before the Honorable Pamela Pepper will be scheduled after resolution of pretrial motions.

Before me is Parker's motion for a bill of particulars (Docket # 297.) As part of the bill of particulars, Parker is requesting that the government identify specific evidence establishing that she engaged in the distribution of heroin. The government opposes the motion, arguing that the information in the indictment, together with the discovery materials, adequately informs Parker of the pending charges and enables her to prepare for

trial. (Docket # 322.) The motion has been briefed and is ready for resolution. For the reasons explained below, it is recommended that Parker's Motion for a Bill of Particulars be denied.

## ANALYSIS

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars to fill in facts in the indictment so that the defendant can prepare an adequate defense. *See* Fed. R. Crim. P. 7(f); *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). A bill of particulars is "a more specific expression of the activities the defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir.1991). A bill of particulars is required only where the charges in the indictment are so general that they do not advise the defendant of the specific act of which she is accused. *See id.*

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003) (quoting *Kendall*, 665 F.2d at 134); *Canino*, 949 F.2d at 949. An indictment which includes each of the elements of the offense charged, the time and place of the accused's conduct which constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Kendall*, 665 F.2d at 134. A bill of particulars is not required when a defendant can obtain the information necessary for his or her defense through "some other satisfactory form." *Fassnacht*, 332 F.3d at 447, n.2 (quoting *Canino,* 949 F.2d at 949). The Seventh Circuit has held that the government's "open file" policy is an

adequate "satisfactory form" of information retrieval, making a bill of particulars unnecessary. *Canino*, 949 F.2d at 949.

As noted above, Parker is charged in Counts 47 and 60 of the indictment. Count 47 reads as follows:

> 1. On or about [February 24, 2015], in the State and Eastern District of Wisconsin, Yolanda Parker knowingly and intentionally attempted to distribute and to possess with intent to distribute a controlled substance.
>
> 2. The offense involved a mixture and substance containing heroin, a Schedule I controlled substance.
>
> In violation of Title 21, Untied States Code, Sections 846, 841(a)(1), and 841(b)(1)(C), and Title 18, United States Code, Section 2.

(Docket # 115 at 9.) Count 60 states:

> 1. On or about [February 24, 2015 at 4:02 p.m.], in the State and Eastern District of Wisconsin, Yolanda Parker knowingly and intentionally used a communication facility, namely a telephone, in facilitating the commission of a drug trafficking crime, namely attempt to possess with intent to distribute heroin.
>
> All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

(*Id.* at 10.) Parker argues that the indictment does not offer any facts in support of the proposition that she was distributing or planning to distribute heroin to others. (Docket # 297 at 3.) Parker argues that there has been a large volume of discovery materials provided to the defense and while the evidence indicates she purchased and used heroin, the evidence does not indicate that she was selling or intending to sell heroin. (*Id.* at 2-3.) Thus, Parker argues that a bill of particulars is necessary to point her to the evidence indicating that she sold heroin. (*Id.* at 3-4.)

A bill of particulars is not appropriate in this case. The indictment tracks the statutory language and contains all the elements of the offenses. Additionally, Parker does not contend that the government has not complied with its open-file policy. Although Parker argues that it would cut down on counsel's time for trial preparation if the government pinpointed its evidence of heroin distribution, it is well established that a defendant is "not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Kendall*, 665 F.2d at 135 (internal quotation and citation omitted). Nor does a defendant have a right to know the details of how the government will prove its case. *Id.* ("The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."). Consequently, the indictment and discovery materials provide Parker with sufficient information to apprise her of the charges and enable her to prepare her defense at trial. For these reasons, I recommend that the motion for a bill of particulars be denied.

**NOW, THEREFORE, IT IS RECOMMENDED** that Parker's Motion for a Bill of Particulars (Docket # 297) be **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely

objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 11th day of March, 2016.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge