UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 15-CR-117-PP

v.

YOLANDA PARKER,

Defendant.

**DECISION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. NO. 348) AND DENYING DEFENDANT'S FIRST MOTION FOR BILL OF PARTICULARS (DKT. NO. 297)**

On June 9, 2015, defendant Yolanda Parker and several co-defendants were indicted by a federal grand jury on federal drug charges—conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§841(a)(1), (b)(1)(C) and 846 and 18 U.S.C. §2, and use of a communications facility to facilitate conspiracy to distribute controlled substances in violation of 21 U.S.C. §843(b) and 18 U.S.C. §2. Dkt. No. 115.

On December 14, 2015, the defendant filed a motion pursuant to Fed. R. Crim. P. 7(f), asking the court to order the government to provide her with a bill of particulars. Dkt. No. 297. The motion laid out in detail the information the defendant sought, including the identity of any witness who had participated in a controlled buy of heroin from the defendant, the identity of any witness who claimed to have purchased heroin from the defendant, the identity of any witness who claimed to have seen the defendant distribute heroin to others, the

1

identity of any witness who claimed to have seen the defendant prepare heroin for distribution, the identity of any witness who claimed to have seen the defendant in possession of any indicia of drug dealing (paraphernalia, drugs, cash), and any other evidence that would demonstrate that the defendant was obtaining heroin from the her co-defendants for the purpose of distributing to others. Id. at 1-2.

In support of this motion, the defendant argued that the discovery she had received from the government to date showed the following:

* That an "upper-level" distributor in the "Rayford Williams drug trafficking organization (Williams DTO)" had identified the defendant and her husband (the nephew of Rayford Williams) as heroin users, to whom the distributor had supplied heroin in the past;

* That the defendant herself had admitted to law enforcement that she and her husband were heroin users, and had purchased drugs from the Williams DTO in the past;

* That evidence of over one hundred telephone and text communications between the defendant, her husband, Rayford Williams and another alleged member of the Williams DTO, George Seals, over the period between January 18, 2015 and May 6, 2015 revealed that the defendant and her husband "ordered anywhere between a half gram to three grams of heroin from the Williams DTO;"

2

\*      That none of those communications contained discussions of the defendant selling, or intending to sell, the heroin she obtained from the Williams DTO;

\*      That the communications instead revealed that the defendant was a heavy heroin user, who contacted Williams and Seals in desperation when she needed a fix; and

\*      That during the conversation that formed the basis for the two counts against her, the defendant informed Williams that she wanted three grams on Friday, mentioned nothing about selling or distributing those three grams, and instead complained about someone named "Larry Joe" stealing from, and shorting, her and her husband on a half-gram of heroin the defendant had previously purchased. Id. at 2-3.

In the motion, the defendant argues that the indictment does not provide any facts to support its allegation that the defendant was distributing drugs, or conspiring to distribute drugs, or using a phone to facilitate a conspiracy to distribute drugs. Id. at 3. She argues that without such information, she cannot defend herself against the distribution and conspiracy charges. She also argues that given the volume of discovery in the case, she needs more specific information to be able to defend herself against these charges. Id. Finally, she argues that requiring the government to provide a bill of particulars will assist the court in pre-trial processing, and will cut down on the amount of taxpayer-supported time appointed counsel will have to spend preparing for trial. Id. at 3-4.

The government objected, arguing that the indictment, combined with the discovery materials, provided more than enough information to allow the defendant to defend against the charges and to prepare for trial. Dkt. No. 322 at 11. The government argued that the defendant was not entitled to obtain the details of the government's case strategy. Id. at 12. The government also reminded the court of its open file policy, and argued that the motion amounted to the defendant's attempt to require the government to explain which pieces of evidence it intended to produce at trial with regard to the defendant. Id.

On March 11, 2016, Judge Joseph issued a recommendation that this court deny the defendant's motion for a bill of particulars. Dkt. No. 348. Judge Joseph laid out the authority provided the court in Rule 7(f), as well as the case law describing the test a court should apply in determining whether to require a bill of particulars. Id. at 2. The question the court must answer, Judge Joseph found, is "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." Id. (quoting United States v. Fassnacht, 332 F.3d 440, 446 (7th Cir. 2003). Judge Joseph also noted that the Seventh Circuit has held that when the government follows its open file policy, a bill of particulars is not necessary. Id. at 2-3 (quoting United States v. Canino, 949 F.2d 928, 949 (7th Cir. 1991).

After discussing the defendant's arguments, Judge Joseph found that a bill of particulars was not appropriate. She found that the indictment tracked

4

the statutory language, and contained the elements of the charged offenses. She also noted that the defendant was not arguing that the government had failed to follow the open file policy. With regard to the defendant's argument that a bill of particulars would make counsel's preparation time more efficient, Judge Joseph agreed with the government that the government was not required to identify the specific pieces of evidence the government planned to present, or the details of how the government would prove its case. Id. at 4. Judge Joseph concluded that the combination of the indictment and the discovery provided was sufficient to allow the defendant to defend herself against the charges. Id.

The defendant did not object to Judge Joseph's recommendation, and this court agrees in whole with Judge Joseph's conclusions. Accordingly, the court **ADOPTS** Judge Joseph's report and recommendation (Dkt. No. 348) in whole, and incorporates her conclusions and the reasoning supporting those conclusions into this order.

The court **ORDERS** that the defendant's December 14, 2015 motion to for a bill of particulars is **DENIED**. (Dkt. No. 297).

Dated in Milwaukee, Wisconsin this 5th day of April, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge